## Heil Equipment Company of Philadelphia, Inc. v. Diamond Reo Truck Sales

*George Philip Stahl, Jr.*, for plaintiff.
*Michael J. Pepe, Jr.*, for defendant.

HIRSH, J., December 5, 1972.—Defendant, Diamond Reo Truck Sales, appeals this court's order striking off defendant's new matter and counterclaim in trespass which it had filed to plaintiff's complaint in assumpsit. Plaintiff's complaint alleges

simply that it sold defendant a certain dump truck body which defendant has accepted but refuses to pay for. Defendant joined Reliance Insurance Company because the subject truck body was damaged in a road accident in which Reliance is liable as an insurer, according to defendant's allegations. This aspect of the case is not before the court at present. Defendant filed an answer to plaintiff's complaint in assumpsit which at this point has not been called into question. In addition to his answer, defendant filed "New Matter and Counterclaim in Trespass" the allegations of which may not be pleaded in response to plaintiff's assumpsit action ex contractu.

Defendant's new matter and counterclaim in the first place avers that the dump truck body was sold to D'Egidio rather than to defendant; however, defendant in its answer and in its new matter and counterclaim nowhere specifically avers liability against D'Egidio nor have defendants sought to join D'Egidio in this action. It would thus appear that the averments regarding D'Egidio are not for the purpose of making a setoff or counterclaim in and of themselves but are merely a preamble to the balance of defendant's new matter and counterclaim which concerns the accident mentioned above to this particular truck body. In short, defendant alleges that following the construction of the dump truck body and its installation on the truck, defendant was delivering the truck with its body to D'Egidio and, while it was being driven, the body rose up in the air and contacted a railroad bridge overpassing the highway, causing extensive damage to both the body and the truck. Defendant goes on to allege "negligence and carelessness" on the part of plaintiff in the design and construction of the

gears and linkage of the dump truck body, absence of warning signals and safety devices and that it was otherwise a faulty mechanism.

While plaintiff's petition to strike is well founded, our conclusion is reached on entirely different grounds from those alleged in the petition. Plaintiff claims that defendant's counterclaim, while labeled trespass and sounding in trespass, is essentially an action for breach of warranty and, therefore, should be brought in assumpsit. While we do not doubt that defendant might have, on the basis of its allegations, an action in assumpsit, we cannot agree with plaintiff that defendant has failed to state any cause of action in trespass. The basis for the court's ruling is quite simply the application of Pennsylvania Rule of Civil Procedure 1031(a). This rule allows defendant in an action in assumpsit to plead "any cause of action or setoff he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual."

Had defendant counterclaimed on the theory of breach of warranty, as urged by plaintiff, he would have brought himself within the purview of subsection 2 above. However, he specifically based his claim exclusively on alleged negligence on the part of plaintiff which he may not do in this type of pleading, as ruled in Bloom v. Devonian Gas & Oil Co., 397 Pa. 309 (1959). The applicable law is stated in Goodrich-Amran Vol. I, Rule 1031(a)-1:

"The limitations in Rule 1031(a) on the right of counterclaim in assumpsit cases leaves the prior practice unchanged. The defendant's right of counterclaim is not absolute. If the defendant's 'cause of

action' or 'set-off' is contractual or quasi-contractual in nature, there are no restrictions on the right of counterclaim. This includes situations in which the defendant may waive a tort and sue in assumpsit": Pages 204, 205.

To continue:

"If the defendant's cause of action is non-contractual, and the defendant may not waive the tort and sue in assumpsit, there is no right of counterclaim, except in the single instance where the cause of action arises out of the tortious acts of the plaintiff in the very transaction upon which the plaintiff is suing and where the tortious act is directly connected with the performance of the contract."

On the basis of the foregoing, it is hereby ordered, adjudged and decreed that the new matter and counterclaim in trespass of defendant in the above-captioned matter shall be striken from the record.